UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Allen Steven Mickle,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 04-239(1) ADM/AJB
Civil No. 07-4343 ADM

___

Michael L. Cheever, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Allen Steven Mickle, *pro se*.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Allen Steven Mickle's ("Defendant") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 121].[1] Defendant asserts claims of ineffective assistance of counsel. For the reasons set forth herein, Defendant's § 2255 Motion is denied.

## II. BACKGROUND

On February 11, 2005, Defendant and his twin brother, Sylvester Mickle ("Sylvester") (collectively "the Mickle brothers"), both pleaded guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, and four counts of aiding and abetting false claims, in violation of 18 U.S.C. § 2 and § 287. Plea Tr. [Docket No. 88] at 21, 46, 62, 64;

___

[1] Unless otherwise specified, all docket references are to Criminal No. 04-239(1) ADM/AJB.

Superseding Indictment [Docket No. 17].  Neither brother entered into a plea agreement with the Government.

Evidence adduced at the plea and sentencing hearings established that the Mickle brothers recruited individuals to file fraudulent federal and state income tax returns based on false W-2 forms.  The Mickle brothers directed the participants to apply for refund anticipation loans from tax preparers such as H & R Block and Jackson Hewitt.  Each participant who filed a fraudulent return received $1,500 plus the entire refund from the Minnesota tax return.  Participants in the scheme received an additional $500 whenever a return was filed by a person whom the participant recruited.  The Mickle brothers received the remaining proceeds from the federal refunds and the refund anticipation loans.

This Court sentenced Defendant to a 70-month prison term, and Sylvester to a 41-month prison term.  A. Mickle Judgment [Docket No. 94]; S. Mickle Judgment [Crim. No. 04-239(2) Docket No. 95].  On October 3, 2006, the Eighth Circuit rejected the Mickle brothers' respective appeals.  United States v. Mickle, 464 F.3d 804 (8th Cir. 2006).  On February 20, 2007, the Supreme Court denied Defendant's petition for writ of certiorari.  Mickle v. United States, 127 S. Ct. 1308 (2007).

### III. DISCUSSION

**A.     Standard of Review**

28 U.S.C. § 2255 provides persons in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the

case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Here, the record conclusively shows that Defendant is not entitled to relief on his claims.

**B.     Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). To show ineffective assistance of counsel in the context of a guilty plea, a defendant "must establish: (1) counsel's performance fell below the *Strickland* standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial." United States v. Davis, 508 F.3d 461, 463 (8th Cir. 2007).

"A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

> 1. **The Record Contradicts Defendant's Allegation of Ineffective Assistance of Counsel Regarding a Proposed Plea Agreement**

Defendant alleges that erroneous advice from his counsel caused him to reject a plea agreement that he otherwise would have accepted. Defendant alleges the Government proposed a plea agreement under which Defendant and the Government would agree under Federal Rule of Criminal Procedure 11(c)(1)(C),[2] that a 36-month sentence would be appropriate. Defendant asserts that:

> Initially, in exchange for A. Mickle's plea of [g]uilty to count one and three of the . . . indictment, the respondent proffered A. Mickle a 36 month sentence. In addition, the plea stipulated that (1) the total tax loss would be $120,000, (2) A. Mickle was a leader or organizer, and (3) his criminal history category was III.

Def.'s Mem. in Supp. of § 2255 Mot. [Docket No. 122] at 2. Defendant has not submitted a copy of the alleged proposed plea agreement.

In response, the Government asserts that it never offered a Rule 11(c)(1)(C) plea agreement for Defendant to serve 36 months in prison. Pl.'s Resp. to Def.'s § 2255 Mot. [Docket No. 124] at 13. The Government asserts it made plea offers to Defendant on August 3, September 14, and December 22, 2004. 2d Cheever Aff. [Docket No. 124-2] Exs. C-E. The Government has provided what it believes to be an accurate copy of the December 22, 2004, plea agreement, and the Government asserts the prior offers were similar. Id. ¶¶ 2-3, Ex. B. The proposed December 22, 2004, plea agreement reflects a dispute between Defendant and the

---

[2] Rule 11(c)(1)(C) provides that a "plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines . . . does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

Government regarding the applicable sentencing range under the advisory United States Sentencing Guidelines (the "Guidelines"). Id. Ex. B ¶ 15. Defendant believed the appropriate Guidelines range was 30 to 37 months, whereas the Government believed the appropriate Guidelines range was 51 to 63 months. Id. The proposed December 22, 2004, plea agreement states that "[t]he parties' views as to the sentencing factors are not binding upon the court." Id. Ex. B ¶ 7.

The Court finds that the record conclusively rebuts Defendant's allegation that he was offered a Rule 11(c)(1)(C) plea agreement with a 36-month sentence. Therefore, Defendant's § 2255 Motion is denied to the extent he claims his counsel was ineffective for advising him to reject such a plea agreement.

### 2. Defendant was Adequately Advised of the Consequences of Pleading Guilty

In the alternative, Defendant contends that ineffective assistance of counsel prejudiced him because he chose to plead guilty based on his counsel's incorrect prediction of the applicable Guidelines range. Defendant avers he would not have pleaded guilty had his counsel correctly predicted the Guidelines range the Court ultimately applied. A. Mickle Aff. (Def.'s Mem. in Supp. of § 2255 Mot. Attach. 1) ¶¶ 4-5. The Court rejects Defendant's alternative argument because:

> [A] defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences. Furthermore, a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence.

United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999). At the plea hearing, the Court informed Defendant that the maximum sentence for the conspiracy count was 10 years, and the

maximum sentence for each of the other counts was 5 years.  Plea Tr. at 16, 19, 48, 49-50. Defendant expressed his understanding that the only guarantee regarding the length of his sentence for each count was that it would not exceed the relevant statutory maximum.  Id. at 19, 49-50.  The record conclusively establishes that Defendant was aware of the applicable statutory maximum sentences when he pleaded guilty.  Therefore, Defendant cannot establish ineffective assistance of counsel regarding his guilty plea.

**C.     Defendant's Booker Argument**

Defendant also alleges he was unaware of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), when he entered his guilty plea.  However, Defendant fails to explain how he would have acted differently had he known of Booker.  Moreover, the Court informed Defendant during the plea hearing that "the role that sentencing guidelines play has just been changed as a result of a decision from the Supreme Court."  Plea. Tr. at 47.  The Court then proceeded to explain the advisory nature of the Guidelines.  Id. at 47-48.  Defendant's allegation regarding his awareness of Booker cannot support his claim of ineffective assistance of counsel.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Allen Steven Mickle's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 121] is **DENIED**.

BY THE COURT:


  s/Ann D. Montgomery  
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 18, 2008.