UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Allen Steven Mickle,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 04-239(1) ADM/AJB
Civil No. 07-4343 ADM

_____

Michael L. Cheever, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Allen Steven Mickle, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Allen Steven Mickle's ("Defendant") Motion to Alter or Amend [Docket No. 126][1] this Court's January 18, 2008, Order [Docket No. 125]. The Order denied Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 121]. For the reasons set forth herein, Defendant's Motion to Alter or Amend is denied.

## II. DISCUSSION

The facts set forth in the January 18, 2008, Order are incorporated herein by reference. In his § 2255 Motion, Defendant asserted claims of ineffective assistance of counsel based on arguments that: (1) his attorney should have advised him to accept a Federal Rule of Criminal

---

[1] All docket references are to Criminal No. 04-239(1) ADM/AJB.

Procedure 11(c)(1)(C)[2] plea agreement providing for a 36-month sentence, and (2) he would not have pleaded guilty if his attorney had accurately predicted the applicable advisory United States Sentencing Guidelines range.[3]  Defendant also argued he was unaware of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), when he entered his guilty plea.  In the January 18, 2008, Order, which is incorporated herein by reference, the Court held that the record conclusively showed that Defendant was not entitled to relief on his claims of ineffective assistance of counsel.

Defendant now seeks to use Federal Rules of Civil Procedure 52(b) and 59(e) to change the effect of the January 18 Order.  Although neither Rule 52(b) nor Rule 59(e) is applicable, the Court will review the substance of Defendant's arguments.

**A.    Defendant's Argument that His Counsel's Performance Was Deficient Because She Failed to Propose a Rule 11(c)(1)(C) Plea Agreement**

In the January 18, 2008, Order, this Court held that the record conclusively rebutted Defendant's argument that he was offered a Rule 11(c)(1)(C) plea agreement with a 36-month sentence.  Order at 4-5.  Contrary to his earlier arguments, Defendant now concedes that the Government never offered him a Rule 11(c)(1)(C) plea agreement specifying a 36-month

---

[2] Rule 11(c)(1)(C) provides that a "plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines . . . does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."

[3] The Guidelines manual incorporating amendments through November 5, 2003, applied to Defendant's case.

sentence.  Compare Def.s' Mem. in Supp. of § 2255 Mot. at 8, with Motion to Alter or Amend at 3.  Instead, Defendant contends his counsel should have proposed such an agreement.

To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  Here, the record conclusively shows that the Government's position in all of the proposed plea agreements was that Defendant's Guidelines sentencing range was 51 to 63 months without a reduction for acceptance of responsibility, and 37 to 46 months if Defendant received three points for acceptance of responsibility.  Def.'s Mot. to Alter or Amend Ex. B ¶ 14(B), Ex. C ¶ 15(B); 2d Cheever Aff. [Docket No. 124] Ex. B ¶ 15(B).  Although Defendant claims he would have accepted a Rule 11(c)(1)(C) plea agreement with a 36-month sentence, he neither explains why his counsel should have proposed such an agreement nor does he explain why the Government would have accepted such an agreement.[4]  Defendant's counsel's failure to propose such an agreement was not unreasonable.  Therefore, it is unnecessary to amend the January 18, 2008, Order on this basis.

**B.     Defendant's Argument that His Counsel's Performance Was Deficient Because She Advised Him to Reject the Proposed Plea Agreements**

Defendant also argues that he would have received a lesser sentence but for his counsel's deficient performance in advising him to reject the Government's proposed plea

---

[4] It should be noted that Rule 11(c)(1)(C) plea agreements are rare in this district, and seldom accepted by this Court.

agreements dated August 3 and September 14, 2004.  The proposed plea agreements reflected a dispute between Mickle's counsel and the Government regarding the appropriate Guidelines range.  At that time, the Government believed that Mickle's Guidelines range was 51 to 63 months, based on an offense level of 22 and a criminal history category III.  Def.'s Mot. to Alter or Amend Ex. B ¶ 14.  The Government's offense level calculation was premised on: (1) a base offense level of 16 estimating a tax loss of between $80,000 and $200,000; (2) a two-point enhancement because Defendant received a substantial portion of his income from the scheme; and (3) a four-point enhancement based on Defendant's role as an organizer or leader of the criminal activity.  Def.'s Mot. to Alter or Amend Ex. B at ¶¶ 9-14.  The Government stated it would move for a three-point reduction for acceptance of responsibility if Defendant complied with certain conditions.

On November 4, 2005, after a full day of testimony and oral argument, the Court sentenced Defendant to 70 months, based on an offense level of 19 and a criminal history category VI.[5]  The appropriate offense level calculation was: (1) a base offense level of 18 based on an attempted tax loss of more than $200,000 but less than $400,000; (2) a four-point role enhancement; (3) a three-point reduction for acceptance of responsibility.[6]  The advisory Guidelines range was 63-78 months.

Defendant argues that if his counsel had correctly determined that he could be liable for

---

[5] When the Probation Office conducted the presentence investigation, it discovered 13 criminal history points placing Defendant in Category VI rather than the Category III anticipated in plea negotiations.

[6] These figures reflect the Eighth Circuit's determination that Defendant was entitled to a reduction of three points for acceptance of responsibility.

an attempted tax loss of more than $200,000 but less than $400,000, he would have accepted either the August 3 or September 14, 2004 plea agreement. Defendant further contends that if he had accepted either of those proposed plea agreements, the Government would have attempted to prove a tax of loss of between $80,000 and $200,000, rather than the tax loss of between $200,000 and $400,000 that the Government subsequently sought. Defendant asserts that substituting this tax loss into the Court's advisory Guidelines calculation would result in a base offense level of 16, a total offense level of 17, and a Guidelines range of 51 to 63 months. Therefore, Defendant argues he can show that he would have received a lesser sentence but for his counsel's ineffective performance.

The Court finds that Defendant's argument is too attenuated and speculative to support a viable claim of ineffective assistance of counsel. In essence, Defendant argues that by August or September 2004, his counsel should have determined the attempted tax loss amount was greater than $200,000, even though at that time Defendant's counsel and the Government agreed that the tax loss was between $80,000 and $200,000. The performance of Defendant's counsel was not deficient for failing to anticipate that the Government would later be able to prove a tax loss of more than $200,000. Moreover, even if Defendant had entered into a plea agreement in which the parties agreed to a tax loss of $80,000 to $200,000, such an agreement would not have been binding on this Court. Because Defendant cannot satisfy either of the two <u>Strickland</u> prongs for a claim of ineffective assistance of counsel, it is unnecessary to amend the January 18, 2008, Order on that basis.

**C.     Defendant's Argument that His Plea was Involuntary**

In his Motion to Alter or Amend, Defendant again argues that his guilty plea was involuntary because his counsel failed to correctly predict the Guidelines range the Court ultimately applied. This argument is rejected for the reasons stated in the January 18, 2008, Order, and it is unnecessary to amend the Order on this basis.

**D.     Defendant's Motion to Strike**

Defendant alleges he filed a December 27, 2007, motion to strike as untimely the Government's Response [Docket No. 124] to his § 2255 Motion. Defendant requests that the January 18, 2008, Order be amended to address his motion. However, the docket maintained by the Clerk of Court does not list such a motion. Moreover, the Court finds that consideration of such a motion would not be grounds for altering or amending the January 18, 2008, Order.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Allen Steven Mickle's Motion to Alter or Amend [Docket No. 126] is **DENIED**.

                                                                BY THE COURT:


                                                                   s/Ann D. Montgomery
                                                                ANN D. MONTGOMERY
                                                                U.S. DISTRICT JUDGE

Dated:  March 7, 2008.